# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                                              **Case No. 07-CR-123**

**DARYL BATES**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Daryl Bates pleaded guilty to conspiring to distribute cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 846, and I ordered a pre-sentence report ("PSR"). The PSR set a base offense level of 20, U.S.S.G. § 2D1.1(c)(10), then subtracted 2 because defendant qualified for the safety valve, U.S.S.G. § 2D1.1(b)(11), and 3 for acceptance of responsibility, § 3E1.1, for a final level of 15. Coupled with a criminal history category of I, the PSR recommended an imprisonment range of 18-24 months under the advisory sentencing guidelines.

Defendant objected to the PSR, seeking a mitigating role reduction under U.S.S.G. § 3B1.2, and requested a sentence of probation under 18 U.S.C. § 3553(a). I declined to grant a role reduction but found a probationary sentence sufficient to satisfy the purposes of sentencing under § 3553(a). In this memorandum I set forth the reasons for the sentence imposed.

### I. GUIDELINE OBJECTION

Under U.S.S.G. § 3B1.2, the court may reduce the offense level by 4 if the defendant was a minimal participant, by 2 if he was a minor participant, and by 3 in cases falling in between. The guideline thus provides a range of adjustments for a defendant who plays a part

in committing the offense that makes him substantially less culpable than the average participant. U.S.S.G. § 3B1.2 cmt. n.3(A). The minimal participant adjustment applies to defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. U.S.S.G. § 3B1.2 cmt. n.4. The minor participant reduction applies to a defendant who is less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. § 3B1.2 cmt. n.5. The defendant bears the burden of showing entitlement to a reduction by a preponderance of the evidence. United States v. Corral, 324 F.3d 866, 874 (7th Cir. 2003).

In the present case, defendant argued that, viewing the conspiracy as a whole, his participation was minimal. Other co-conspirators handled large quantities of cocaine, while he purchased small amounts, primarily for personal use but occasionally to sell to friends. The only other participant he knew was Calvin Coleman, a kilo level distributor.

The problem with defendant's argument was that he was not being held responsible for the activities of the conspiracy as a whole. Rather, the parties agreed to a substantially reduced drug weight under U.S.S.G. §§ 1B1.3 & 2D1.1. Therefore, it was not appropriate to view his participation in that context. Although the guideline does not forbid a role reduction for a defendant held responsible only for the amounts he personally handled, see U.S.S.G. § 3B1.2 cmt. n.3(A), he must under those circumstances demonstrate an inferior role in the particular relevant conduct for which he is being held accountable, see United States v. Williams, 302 F. Supp. 2d 945, 949-50 (E.D. Wis. 2004). Defendant failed to make that showing here. I considered the fact that much of the cocaine defendant purchased was for

2

personal use under 18 U.S.C. § 3553(a), but he did not demonstrate entitlement to a role reduction, in any amount, under U.S.S.G. § 3B1.2.

## II. SECTION 3553(a)

### A. Sentencing Factors

In imposing sentence, the district court must consider all of the factors set forth in § 3553(a). United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008). Those factors include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the advisory guideline range;

(5)  any pertinent policy statements issued by the Sentencing Commission;

(6)  the need to avoid unwarranted sentence disparities; and

(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing – just

3

punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. In determining a sufficient sentence, the district court may not presume that the guideline sentence is the correct one. Rita v. United States, 127 S. Ct. 2456, 2465 (2007); United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006), cert. denied, 127 S. Ct. 3055 (2007). Rather, after accurately calculating the advisory range so that it "can derive whatever insight the guidelines have to offer, [the district court] must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007); accord United States v. Wachowiak, 496 F.3d 744, 749 (7th Cir. 2007); United States v. Schmitt, 495 F.3d 860, 865 (7th Cir. 2007).

**B.   Analysis**

   **1.   The Offense**

This prosecution arose out of the government's investigation of Calvin Coleman, Darin Bowie and Jimmie Durant, large-scale cocaine dealers, and their supplier, Robert Hampton. Coleman supplied defendant and others in this case with cocaine. In a post-arrest statement, Coleman stated that he sold defendant about 3.5 g of cocaine per week for $100, and defendant admitted that during the winter of 2006 he purchased gram quantities of cocaine from Coleman for personal use and to distribute to friends. The parties agreed that defendant should be held responsible for 200-300 grams total.

It did not appear that defendant was a significant dealer or had any sort of commercial customer base. His involvement in this offense was relatively brief, and he always maintained legitimate employment. The record also contained no evidence of weapon possession, violence or threats in connection with defendant's offense.

4

## 2. The Defendant

Defendant was thirty-six years old with a minimal record consisting of a drunk driving conviction from 1995 and a disorderly conduct from 1996, neither of which scored criminal history points. He qualified for the safety valve based on the mitigated nature of the offense, his lack of record and his willingness to tell the government all he knew about the offense.

Defendant's background was otherwise pro-social. He graduated high school and obtained a certificate in business computer management from MBTI in 1998. He held the same job as an implementation manager for AT&T for the past ten years. He had been married since 2000 and had three children. His wife worked as a teacher, and she made positive comments to the PSR writer, describing defendant as loving, smart and a good father. She also indicated that since his arrest defendant had made positive changes, seeing a counselor and submitting negative screens.

Defendant's biggest problem was substance abuse. He joined the Marines in 1991, but was discharged in 1994 due to drug use. He admitted using marijuana and cocaine, and to drinking too much. He was arrested for drunk driving in April 2007, while on bond in this case. But things seemed to be going better since. All drug screens on pre-trial release were negative, and he enrolled in counseling after his OWI arrest. Defendant's allocution at sentencing demonstrated insight into his problems.

## 3. The Sentence

The guidelines recommended 18-24 months in prison, but I found this to be a good case for probation. See Gall v. United States, 128 S. Ct. 586 (2007). None of the purposes of sentencing required prison. The offense was mitigated by the fact that defendant primarily

5

bought cocaine for personal use and had no established customer base.  Thus, I did not think prison was needed to provide just punishment.  See 18 U.S.C. § 3553(a)(2)(A).  I imposed a period of home confinement to provide a measure of punishment and some structure.  According to ¶ 123 of the PSR, defendant tended to get in trouble when he went out.  He admitted making excuses to go out so he could use.  This sentence made sure that did not happen.

Given his lack of record and pro-social conduct, prison was not needed to protect the public or deter him from re-offending.  Close supervision in the community, including home confinement, satisfied those purposes.  I warned defendant that any violation of his conditions of probation could result in revocation and a sentence of up to 20 years in prison.  Given all he had to lose, I found this a sufficient deterrent.  See 18 U.S.C. § 3553(a)(2)(B) & (C).

Further, defendant's treatment needs, which included substance abuse testing and treatment, were best met in the community.  See 18 U.S.C. § 3553(a)(2)(D).  This sentence also took into account defendant's family situation.  Finally, I considered defendant's efforts to cooperate with the government, which demonstrated positive character development and suggested a reduced risk that he would return to drugs.

### III.  CONCLUSION

Therefore, I placed defendant on probation for three years.  Because his financial situation demonstrated the ability to pay a fine, and in order to ensure sufficient punishment, I imposed a fine of $4000, the low end of the guideline range, payable at a rate of not less than $150 per month as a condition of probation.  As further conditions of probation, I ordered defendant to serve 180 days of home confinement, participate in a drug testing and treatment program, avoid taverns, and provide access to his financial information.  Other terms and

6

conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

7